**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GENE RANDOLPH SZEREMI,

    Petitioner,

v.                                                      CASE NO. 8:05-CV-1716-T-30TGW

JAMES McDONOUGH,[1] et al.,

    Respondents.
_____/

**AMENDED ORDER**

    Petitioner, an inmate in the Florida penal system, initiated this cause of action by filing a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 challenging his 2002 convictions for sexual battery, armed burglary, kidnaping, and aggravated stalking entered by the Sixth Judicial Circuit Court, Pasco County, Florida (Dkt. 1). Respondent filed his response to the petition on March 23, 2006 (Dkt. 11). Petitioner's reply to the response was due to be filed on or before April 12, 2006, *see* Dkt. 5. To date, Petitioner has not filed a reply.

    In the response, Respondent states that Petitioner currently has an appeal of the denial of a motion for state post-conviction relief, filed pursuant to Fla. R. Crim. P. 3.850, pending in the state district court. *See Szeremi v. State*, Case No. 2D05-3040 (Fla. 2d DCA 2006). A review of the state district court's docket confirms that Petitioner filed his initial appellate brief on May 16, 2006, and the State is scheduled to file an answer brief on July 13, 2006.[2]

---

    [1]James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

    [2]The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, June 23, 2006. *See* Fed. R. Evid. 201.

A comparison of the claims raised in the instant petition with the claims raised by Petitioner in his Rule 3.850 motion, see Dkt. 12, Ex. 1, reveals that seven of the eight claims Petitioner asks this Court to review were raised in his Rule 3.850 motion, the denial of which is now pending in state court, and his eighth claim is premised on the cumulative effect of the first seven claims asserted therein.

Having confirmed with the Clerk of the Florida Second District Court of Appeal that Petitioner's appeal of the denial of his Rule 3.850 motion is currently pending before that court, the Court finds that Petitioner's claims are not properly exhausted. *See* 28 U.S.C. 2254(b)-(c).

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for federal habeas relief is **DENIED AND DISMISSED** without prejudice[3] (Dkt. 2).
2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA/jsh

---

[3] A dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d). Also, the Supreme Court has recently held that the limitation period for filing a federal habeas petition is not tolled during pendency of a previously filed federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).